IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) MARYLYN STROME,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>(1) CSAA INSURANCE EXCHANGE;<br>(2) CSAA FIRE AND CASUALTY<br>　　INSURANCE COMPANY d/b/a AAA<br>　　FIRE AND CASUALTY INSURANCE<br>　　COMPANY; and<br>(3) CSAA INSURANCE SERVICES, INC.,<br><br>　　　　　　Defendants. | Case No. 19-cv-573-CVE-FHM<br>(formerly Tulsa County<br>Case No. CJ-2019-1321) |

## NOTICE OF REMOVAL

Defendants CSAA Insurance Exchange (the "Exchange"), CSAA Fire and Casualty Insurance Company ("CSAA") and CSAA Insurance Services, Inc. ("Services") give notice of the removal of this action from the District Court of Tulsa County, State of Oklahoma, styled *Marylyn Strome v. CSAA Insurance Exchange, CSAA Fire and Casualty Insurance Company, and CSAA Insurance Services Company,* Case No. CJ-2019-1321, to the United States District Court for the Northern District of Oklahoma.[1]  In support of this Notice, CSAA sets forth as follows:

1.　　On April 1, 2019, Plaintiff filed a Petition against Defendants in the District Court of Tulsa County, State of Oklahoma. A copy of the Petition is attached as Exhibit "1." *See* 28 U.S.C. § 1446(a).  Prior to serving any defendant, Plaintiff filed a First Amended Petition on September 25, 2019.  A copy of the First Amended Petition is attached as Exhibit "2."  Plaintiff filed a return of summons, showing the Oklahoma Insurance Commissioner was served with

---

[1] No admission of fact, law or liability is intended by this Notice of Removal, and Defendants expressly reserve all defenses, affirmative defenses and motions otherwise available to them.

1

Summons on September 27, 2019. A copy of the Summonses and Returns of Service are attached hereto as Exhibit "3." This Notice of Removal is, therefore, timely filed in accordance with 28 U.S.C. § 1446 and Fed. R. Civ. P. 6(a)(1)(C).

2. Plaintiff is a citizen of the State of Oklahoma. First Amended Petition, ¶ 1.

3. CSAA is a corporation incorporated under the laws of the state of Indiana having its principal place of business in California. Exhibit "4," CSAA Quarterly Statement Excerpt. CSAA issued the policy at issue to Plaintiff. Exhibit "5," Declaration Page. CSAA manages all claims handling, evaluation, and decision-making for claims related to CSAA issued policies. *See e.g.,* Exhibit "6," CSAA Correspondence. All payments to Plaintiff (and to entities assisting with the investigation of Plaintiff's claim) were issued by CSAA. *See e.g.,* Exhibit "7," CSAA Payments.

4. The Exchange is a reciprocal insurer formed under the laws of the State of California. Exhibit "8," Exchange Quarterly Statement Excerpt. The Rules and Regulations of the Insurance Board of CSAA Insurance Exchange, as Amended August 1, 2019 ("Rules and Regulations") make clear that the Exchange conducts an inter-insurance exchange "in accordance with...the Insurance Code of the State of California...." Exhibit "9," Excerpt of Rules and Regulations. A simple NAIC search reveals the Exchange is not licensed as a reciprocal insurer in the State of Oklahoma. Exhibit "10," NAIC Search of CSAA Insurance Exchange. Since the Exchange is not licensed as a reciprocal insurer in the State of Oklahoma, it does not issue insurance policies in the State of Oklahoma. Exhibit "11," Evans Affidavit, ¶¶ 2-3. The Exchange does not have any "subscribers" in the State of Oklahoma. Ex. 11, Evans Affidavit, ¶ 3.

5. Services is a California corporation with its principal place of business in California. Exhibit "12," Statement of Information; Ex. 11, Evans Affidavit, ¶ 11. All corporate

officers who direct, control, and coordinate corporation activities are in California. Ex. 11, Evans Affidavit, ¶ 12. Its headquarters are at 3055 Oak Road, Walnut Creek, California, where board meetings are held, agenda for board meetings created, corporate policies developed and drafted, budgets created and internal auditing carried out, mails sent and received, and calls received. *Id., see also* Ex. 12, Statement of Information. It is not a regulated insurance company and does not underwrite insurance policies. Ex. 11, Evans Affidavit, ¶ 11. Service agents and claims adjusters are employees of Services. While there are certain facilities in Oklahoma where employees of Services perform various operations as agents for other entities, such as FCIC, no decisions are made in Oklahoma regarding the direction, control and corporate activities of Services. Ex. 11, Evans Affidavit, ¶ 13.

6. Federal subject matter jurisdiction in this action exists by reason of diversity of citizenship and an amount in controversy that exceeds the statutory minimum, exclusive of interests and costs, pursuant to 28 U.S.C.A. § 1332(a). First Amended Petition, "Wherefore" paragraph.

7. The removal of this action is authorized by 28 U.S.C.A. § 1441(a) which allows the removal of any civil action brought in a state court of which the District Courts of the United States have original jurisdiction.

8. A true and correct copy of all process, pleadings and orders served on or by all Defendants are attached hereto as separate exhibits. The exhibits are numbered as follows:

Exhibit 1:   Petition;

Exhibit 2:   First Amended Petition

Exhibit 3:   Summonses and Returns of Service;

Exhibit 4:   CSAA Fire and Casualty Insurance Quarterly Report;

Exhibit 5: CSAA Declaration Page;

Exhibit 6: CSAA Correspondence;

Exhibit 7: CSAA Payments;

Exhibit 8: CSAA Insurance Exchange Quarterly Report;

Exhibit 9: Excerpt of Rules and Regulations;

Exhibit 10: NAIC Search of CSAA Insurance Exchange;

Exhibit 11: Affidavit of Katherine Evans;

Exhibit 12: CSAA Insurance Services Statement of Information;

Exhibit 13: Letter from Insurance Commissioner; and

Exhibit 14: Defendants' Motion to Dismiss.

9. Pursuant to LCvR 81.2, a copy of the docket sheet in Case No. CJ-2019-1321 in the District Court of Tulsa County, State of Oklahoma, is attached hereto at Exhibit "15."

10. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal will be promptly given to all adverse parties herein, and a copy will be filed with the Court Clerk of Oklahoma County District Court, Oklahoma.

## CONCLUSION

As the Court has jurisdiction over this action under 28 U.S.C. §§ 1332, CSAA prays that this Court will assume jurisdiction over this action and make such further orders herein as may be needed to properly resolve this controversy.

Respectfully Submitted,

*s/Matthew C. Kane*
**GERARD F. PIGNATO (OBA NO. 11473)**
**MATTHEW C. KANE (OBA NO. 19502)**

Of the Firm:
**RYAN WHALEY COLDIRON JANTZEN PETERS & WEBBER PLLC**
900 Robinson Renaissance
119 North Robinson
Oklahoma City, OK  73102
Telephone:  (405) 239-6040
Facsimile:  (405) 239-6766
jerry@ryanwhaley.com
mkane@ryanwhaley.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

This is to certify that on this 25th day of October, 2019, a true and correct copy of the above and foregoing instrument was mailed via U.S. Mail, first-class, postage prepaid, to:

Reggie N. Whitten
Michael Burrage
J. Revell Parrish
Whitten Burrage
512 N. Broadway, Suite 300
Oklahoma City, OK  73103

Brian A. Dittrich
Dittrich Law Firm, PLLC
101 Park Avenue, Suite 1300
Oklahoma City, OK  73102

*s/Matthew C. Kane*
Matthew C. Kane