# EXHIBIT 1



IN THE DISTRICT COURT OF TULSA COUNTY
STATE OF OKLAHOMA

DISTRICT COURT
FILED

APR 01 2019

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

| | |
|---|---|
| MARYLYN STROME, | ) |
| Plaintiff, | ) ) |
| vs. | ) Case No.: CJ-2019- |
| CSAA INSURANCE EXCHANGE, and CSAA FIRE AND CASUALTY COMPANY d/b/a AAA FIRE AND CASUALTY INSURANCE COMPANY, | ) ) ) ) ) ) |
| Defendants. | ) |

CJ-2019-01321

Rebecca Brett Nightingale

## PETITION

Plaintiff, Marylyn Strome, for her cause of action against Defendants CSAA Insurance Exchange, and CSAA Fire and Casualty Insurance Company d/b/a AAA Fire and Casualty Insurance Company, states as follows:

### JURISDICTION AND VENUE

1. Plaintiff Marylyn Strome (hereinafter "Plaintiff") is a citizen of the State of Oklahoma and resident of Tulsa County.

2. CSAA Insurance Exchange is an unincorporated association that is owned by its policy holders, some of which reside in Oklahoma. CSAA Insurance Exchange, through itself or its subsidiaries, offers insurance throughout the United States, including Oklahoma.

3. As an unincorporated association, CSAA Insurance Exchange is deemed to be a citizen of each state in which its members or subscribers reside. CSAA Insurance Exchange has members or subscribed in Oklahoma.

4. Based on information and belief, Defendant CSAA Insurance Exchange is the parent company of Defendant CSAA Fire and Casualty Company d/b/a AAA Fire and Casualty Insurance Company. Defendants CSAA Insurance Exchange and CSAA Fire and Casualty

Company d/b/a AAA Fire and Casualty Insurance Company (collectively, "AAA") operate and are part of a reciprocal insurance exchange, wherein they pool and partner their businesses under a regime of control such that all of its subsidiaries and affiliated companies can be held liable for breach of contract, and bad faith.

5. Venue is proper under 12 O.S. § 137.

**FACTUAL BACKGROUND**

6. Plaintiff maintained hail and wind coverage within her AAA homeowner's insurance policy (Policy No. HO33478748) that covered the replacement cost value for damaged roof surfacing.

7. On or about April 4, 2017, Plaintiff sustained significant hail and wind damage to her roof.

8. On October 30, 2018, Plaintiff properly and timely submitted a claim (Claim No. 1002-95-7061) to AAA for the damage resulting from the wind and hail damage, and contacted Perfection Roofing, an independent contractor, to get an estimate to repair the damage to her roof.

9. On November 6, 2018, Field Adjuster Nathan Fulks "inspected" Plaintiff's property on behalf of AAA.

10. Sometime after Plaintiff filed her claim, AAA retained Hancock Claims Consultants to inspect Plaintiff's property and reaffirm the estimate generated by AAA.

11. On November 7, 2018, AAA authorized a lowball payment for repairs to Plaintiff's roof in the amount of $694.47.

12. Plaintiff's roofer, Perfection Roofing, inspected Ms. Strome's roof on November 8, 2018, and determined the roof was severely damaged by hail. Perfection Roofing estimated the damage to be approximately $25,000.00. Perfection Roofing concluded the amount AAA offered to Ms. Strome woefully underestimated the cost to correctly repair her roofing surfaces.

13. On December 7, 2018, Plaintiff provided AAA with a repair estimate from Perfection Roofing and requested AAA reconsider, and properly pay, her claim.

14. On January 2, 2019, AAA reaffirmed its position that it would not pay more than $694.47.

## COUNT I: BREACH OF CONTRACT

15. Plaintiff fully incorporate into this Paragraph each and every allegation in the preceding paragraphs of this Petition as if each were fully iterated verbatim herein.

16. Plaintiff entered into a contract of insurance with AAA to provide replacement cost value for wind and hail damage to her property. Plaintiff's homeowner's policy with AAA was in full force and effect at all material times hereto.

17. Plaintiff provided proper and timely notice to AAA of her claim arising from wind and hail damage that occurred to her home.

18. Plaintiff has in all material ways complied with the terms and conditions of the policy.

19. AAA, however, has breached its contractual obligations under the terms and conditions of the insurance contract with Plaintiff by failing to properly investigate Plaintiff's claim and pay Plaintiff all benefits to which she is entitled under the terms and conditions of the policy.

20. As a result of AAA's breach of contract and other wrongful conduct, Plaintiff has sustained financial losses, mental and emotional distress and have been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

## COUNT II:  BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

21. Plaintiff fully incorporate into this paragraph each and every allegation contained in the preceding paragraphs of this Petition as if each were fully iterated verbatim herein.

22. AAA has a duty to deal fairly and in good faith with Plaintiff.

23. AAA did not deal fairly and in good faith with Plaintiff by engaging in the following acts and omissions:

   a. AAA failed to perform a proper investigation in regards to Plaintiff's claim made under her homeowner's policy.

   b. AAA refused, without proper cause, to pay Plaintiff all benefits she is owed under the insurance contract and pursuant to Oklahoma law.

   c. AAA has no reasonable basis in its refusal to recognize and pay Plaintiff her benefits owed under the policy for damages caused by wind and hail damage.

   d. AAA knowingly and intentionally failed to engage in proper claims handling practices and failed to compensate its insured losses covered under its homeowner's insurance policy.

   e. AAA engaged in these improper claim practices knowing that its insureds would suffer financial harm.

   f. AAA intentionally engaged in an outcome-oriented investigation.

   g. AAA put its interest in maximizing financial gains and limiting disbursements above the interests of the Plaintiff.

   h. AAA was unjustly enriched by knowingly providing less coverage to Plaintiff without decreasing the premium payment owed to AAA.

24.     As a consequence of AAA's breach of the duty of good faith and fair dealing, Plaintiff have sustained damages, including deprivation of monies rightfully belonging to her, anger, stress, worry, physical and emotional suffering, attorney fees and litigation costs.

25.     The conduct of AAA was intentional, willful, malicious, and/or in reckless disregard of the rights of others.

26.     The actions of AAA during the handling of Plaintiff's claim demonstrate it intentionally, and with malice, breached its duty to deal fairly and in good faith. The actions of Defendant AAA were intentional, malicious and consistent with an overall collective corporate goal of increasing profits through the systematic reduction or avoidance of claims. Plaintiff therefore seek punitive damages in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for judgment against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), together with costs, interest, reasonable attorney fees, and other relief that this Court deems just and equitable.

Respectfully submitted,

Reggie N. Whitten, OBA #9576
Michael Burrage, OBA #1350
J. Revell Parrish, OBA #30205
**WHITTEN BURRAGE**
512 North Broadway Avenue, Suite 300
Oklahoma City, OK  73103
Telephone:       (405) 516-7800
Facsimile:         (405) 516-7859

And

*/s/ Brian E. Dittrich*

Brian E. Dittrich, OBA #14934
DITTRICH LAW FIRM, PLLC
101 Park Avenue, Suite 1300
Oklahoma City, OK 73102
(855) 494-6700 Telephone
(855) 494-6701 Facsimile
**ATTORNEYS FOR PLAINTIFF**

**ATTORNEY LIEN CLAIMED**