# EXHIBIT 14




## IN THE DISTRICT COURT OF TULSA COUNTY
### STATE OF OKLAHOMA

**FILED**

OCT 1 8 2019

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

| | |
|---|---|
| MARYLYN STROME, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. CJ-2019-1321 |
| CSAA INSURANCE EXCHANGE; CSAA FIRE & CASUALTY INSURANCE COMPANY; and CSAA INSURANCE SERVICES, INC. | ) |
| Defendants. | ) |

### MOTION TO DISMISS

Plaintiff has alleged claims for breach of contract and breach of the duty of good faith and fair dealing. In the final paragraph of the contract claim, Plaintiff states:

> As a result of CSAA Fire and Casualty's breach of contract and other wrongful conduct, Plaintiff has sustained financial losses, mental and emotional distress and has been damaged in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of attorneys' fees, costs and interest.

Amended Petition, ¶ 31. Plaintiff does not allege any specific contractual amount. Plaintiff does not even allege the "excess of $75,000" language as to the claimed breach of duty of good faith and fair dealing against the various defendants. *See* Amended Petition, *passim*.

12 O.S. § 2008(A) requires, in addition to "a short and plain statement of the claim," the following:

> ***A demand for judgment for the relief to which he deems himself entitled.*** Every pleading demanding relief for damages in money in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code shall, without demanding any specific amount of money, set forth only that the amount sought as damages is in excess of the amount required for diversity jurisdiction pursuant to Section 1332 of Title 28 of the United States Code, ***except in actions sounding in contract...***

(Emphasis added).



1

In *Lindley v. Life Inv'rs Ins. Co. of Am.*, No. 08-CV-0379-CVE-PJC, 2008 WL 4525423, at *4 (N.D. Okla. Oct. 2, 2008), the federal district court confirmed this interpretation:

> Plaintiff claims that he drafted his complaint in compliance with OKLA. STAT. tit. 12, § 2008 by making a general claim for damages in excess of $10,000. However, plaintiff misstates Oklahoma law. Under § 2008(A), "[e]very pleading demanding relief for damages in money in excess of Ten Thousand Dollars ($10,000.00) shall, without demanding any specific amount of money, set forth only that the amount sought as damages is in excess of Ten Thousand Dollars ($10,000.00), *except in actions sounding in contract.*" Plaintiff alleged a breach of contract claim against defendant and he should have alleged a specific amount of damages. He may not complain that defendant misconstrued his complaint when his own complaint is deficient for failing to plead contractual damages with specificity. (Emphasis in original).

In short, Oklahoma law requires that damages for actions sounding in contract be specifically pled. Plaintiff has clearly failed to do so here.

Plaintiff's defect is not limited solely to the specific contractual amount, although that is the most obvious omission. To the extent Plaintiff seeks specific damages in her breach of the duty of good faith and fair dealing claim such as financial losses (OUJI-Civ. No. 22.4) – a claim which arises out of contract, *see e.g., Fed. Ins. Co. v. Estate of Catcher*, No. 09-CV-41-TCK-FHM, 2011 WL 673992, at *5 (N.D. Okla. Feb. 17, 2011), citing *Chimney Rock Ltd. P'ship v. Hongkong Bank of Canada*, 1993 OK CIV APP 94, 857 P.2d 84, 88, those damages should also be disclosed under 12 O.S. § 2008.[1]

As Plaintiff has failed to meet the pleading requirements of 12 O.S. § 2008, Defendants respectfully request the Court dismiss Plaintiff's Petition.

---

[1] Defendants are not suggesting that for pleading purposes Plaintiff should be required to quantify and allege general damages such as those purportedly arising from embarrassment or mental pain and suffering.

2

Respectfully Submitted,

*[signature]*

GERARD F. PIGNATO (OBA NO. 11473)
MATTHEW C. KANE (OBA NO. 19502)

Of the Firm:
**RYAN WHALEY COLDIRON JANTZEN PETERS & WEBBER PLLC**
900 Robinson Renaissance
119 North Robinson
Oklahoma City, OK 73102
Telephone: (405) 239-6040
Facsimile: (405) 239-6766
jerry@ryanwhaley.com
mkane@ryanwhaley.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

This is to certify that on the 18th day of October, 2019, a true and correct copy of the above and foregoing instrument was forwarded, via email and facsimile, to the following:

Reggie N. Whitten, Esquire
Michael Burrage, Esquire
J. Revell Parrish, Esquire
Whitten Burrage
512 North Broadway Avenue, Suite 300
Oklahoma City, Oklahoma 73103
Telephone: 405-516-7800
Facsimile: 405-516-7859
Email: rwhitten@whittenburragelaw.com

Brian E. Dittrich, Esquire
Dittrich Law Firm, PLLC
101 Park Avenue, Suite 1300
Oklahoma City, Oklahoma 73102
Telephone: 405-494-6700
Facsimile: 405-494-6701

*Attorneys for Plaintiff*

*[signature]*

For the Firm

3