# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARYLYN STROME, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-CV-0573-CVE-FHM |
| | ) |
| CSAA INSURANCE EXCHANGE, | ) |
| CSAA FIRE AND CASUALTY INSURANCE | ) |
| COMPANY d/b/a AAA Fire and Casualty | ) |
| Insurance Company, and CSAA | ) |
| INSURANCE SERVICES, INC., | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Now before the Court is Plaintiff's Motion to Remand and Brief in Support (Dkt. # 17). Plaintiff Marylyn Strome asks the Court to remand this case to state court, because the Court lacks diversity jurisdiction over this case. Dkt. # 17. Defendants respond that the non-diverse party, CSAA Insurance Exchange (the Exchange) was fraudulently joined as a party, and the Court has diversity jurisdiction over the remaining parties. Dkt. # 26.

## I.

On April 1, 2019, plaintiff filed this case in Tulsa County District Court alleging claims against the Exchange, CSAA Fire and Casualty Insurance Company (CSAA), and CSAA Insurance Services, Inc. arising out of a hail damage claim she submitted to her insurer. Dkt. # 2-1, at 4-5. Plaintiff alleged that her insurer offered to pay an unreasonably low amount to resolve her hail damage claim, and she alleged that CSAA breached the insurance contract and acted in bad faith. Id. There were no factual allegations concerning the conduct of either the Exchange or CSAA

Insurance Services, Inc., and it is unclear if any claims were actually asserted against these parties. On September 25, 2019, plaintiff filed an amended petition clarifying that she is asserting bad faith claims against the Exchange and CSAA Insurance Services, Inc. Dkt. # 2-2. Plaintiff asserts that the Exchange is an unincorporated association organized under the laws of California, but the Exchange allegedly has members in Oklahoma. Dkt. # 2-2, at 1. CSAA Insurance Services, Inc. is incorporated under the laws of California and has its principal place of business in California. Id. at 3. CSAA is incorporated in Indiana and has its principal place of business in Indiana. Id.

Defendants filed a notice of removal on the ground that the parties were completely diverse, even though plaintiff alleged that the Exchange had subscribers in Oklahoma. Dkt. # 2. The notice of removal states that the Exchange is not licensed as a reciprocal insurer in Oklahoma and it does not issue insurance policies in this state. Id. at 2. Defendants further deny that the Exchange has any subscribers in Oklahoma. Id. Plaintiff has filed a motion to remand (Dkt. # 17) on the ground that the Court lacks diversity jurisdiction over this case.

## II.

Plaintiff argues that defendants have failed to meet their burden to show that the parties are completely diverse, because the Exchange potentially has members or subscribers in Oklahoma and it could possibly be a citizen of Oklahoma for the purpose of diversity jurisdiction. Dkt. # 17. Plaintiff relies heavily on McDonald v. CSAA Insurance Exchange, 2017 WL 887108 (W.D. Okla. Mar. 6, 2017), in which the Western District of Oklahoma remanded a case to state court because the Exchange could possibly have subscribers or members in Oklahoma. Defendants respond that the Exchange was fraudulently joined as a party, and this argument is based on a decision issued by this Court after the notice of removal was filed. See DeSmet v. CSAA Insurance Exchange, 2019

WL 7284769 (N.D. Okla. Dec. 27, 2019). Defendants also argue that the Exchange has no Oklahoma members and it is not a citizen of Oklahoma.

The Supreme Court has recognized that a defendant's "right of removal cannot be defeated by a fraudulent joinder of a resident defendant having no real connection with the controversy." Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). Defendants can prove fraudulent joinder by showing that either: (1) plaintiff's jurisdictional allegations are fraudulent and made in bad faith; or (2) plaintiff has no possibility of recovery against the non-diverse defendant. Slover v. Equitable Variable Life Ins. Co., 443 F. Supp. 2d 1272, 1279 (N.D. Okla. 2006). If defendants can show that the non-diverse defendant, the Exchange, was fraudulently joined, the parties will be completely diverse and the Court may exercise subject matter jurisdiction over this case. See American Nat. Bank & Trust Co. of Sapulpa, v. Bic Corp., 931 F.2d 1411, 1412 (10th Cir. 1991) ("If, as defendant suggests, plaintiffs joined the Oklahoma residents without good faith, defendant may remove on the grounds of fraudulent joinder."). To prove that a party has been fraudulently joined, the defendant has the burden to "demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court." Hart v. Bayer Corp., 199 F.3d 239, 246 (5th Cir. 2000). When a defendant raises specific allegations of fraudulent joinder, the Court may pierce the pleadings to evaluate the defendant's argument. Smoot v. Chicago, Rock Island & Pac. R.R. Co., 378 F. 2d 879, 881-82 (10th Cir. 1967); Dodd v. Fawcett Publications, Inc., 329 F.2d 82, 85 (10th Cir. 1964). "The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." Hart, 199 F.3d at 246 (quoting B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. 1981)). Although the Court can pierce the pleadings, "[t]his does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact

to determine removability; the issue must be capable of summary determination and be proven with complete certainty." Smoot, 378 F.2d at 882.

The Court must initially determine if it can reach the issue of fraudulent joinder, because the notice of removal does not expressly state fraudulent joinder as a basis for removal. Plaintiff argues in her reply that defendants failed to raise the issue of fraudulent joinder in the notice of removal, and she asks the Court to focus solely on the issue of diversity of citizenship. The Court has reviewed the notice of removal, and defendants do not expressly raise the issue of fraudulent joinder. However, this is a unique case where the analysis of fraudulent joinder and diversity jurisdiction essentially overlap, because defendants' argument is substantially similar for both issues. The notice of removal plainly states that the Exchange is reciprocal exchange operating under the laws of California, and it is "not licensed as a reciprocal insurer in the State of Oklahoma [and] it does not issue insurance policies in Oklahoma." Dkt. # 2, at 2. In other words, the Exchange is denying that it issued the insurance policy to plaintiff that forms the basis for her claims of breach of contract and bad faith, and this argument goes to whether plaintiff fraudulently joined the Exchange as a party. Although the argument in the notice of removal is framed in terms of diversity of citizenship, the same arguments are equally applicable to the issue of whether the Exchange has any liability to plaintiff arising out of the denial of her insurance claim. The Court finds that defendants have adequately raised the issue of fraudulent joinder in the notice of removal, and the Court can reach this issue.

Defendants cite this Court's decision in DeSmet, in which the Court found that the Exchange has no liability for breach of contract or bad faith unless it is specifically named as an insurer in the parties' insurance contract. In DeSmet, the undersigned considered whether the Exchange had been

4

fraudulently joined as a party. The plaintiff, Anthony DeSmet, alleged claims of breach of contract and bad faith against CSAA General Insurance Company and the Exchange, and the case was originally filed in state court. De Smet, 2019 WL 7284769, *1. The defendants removed the case to federal court on the basis of diversity jurisdiction, even though the Exchange was allegedly non-diverse, and argued that plaintiff had fraudulently joined the Exchange as a party. Id. The Court explained that a reciprocal insurance exchange "is essentially an insurance company cooperatively owned by those it insures," and the members "undertake to indemnify each other against certain kinds of losses by means of a mutual exchange of insurance contracts . . . ." Id. CSAA General Insurance Company was a member of the Exchange, and the plaintiff argued that he was also a member or subscriber of the Exchange. Id. The Court did not reach the issue of whether the plaintiff and the Exchange were diverse, because the Court found that the plaintiff did not have a viable claim for breach of contract and bad faith against the Exchange. Id. at *2. Under Oklahoma law, both of these claims require that the defendant be a party to the insurance contract, and the Court determined that an insurance exchange was not a party to an insurance contract unless the language of the insurance contract shows otherwise. Id. at *2 n.1. There was also no evidence that the plaintiff was a member of the Exchange. Id. at *2.

The Court finds no reason to reach a different result in this case and defendants have shown that the Exchange was fraudulently joined as a party. Defendants have submitted a copy of plaintiff's insurance contract (Dkt. # 26-3), and there is nothing in the contract suggesting that plaintiff was made a member of the Exchange. The contract plainly identifies the insurer as "AAA Fire & Casualty Insurance Company" and the Exchange is not referenced as a party to the contract. Dkt. # 26-2, at 2. In this case, plaintiff has alleged a claim for breach of the duty of good faith and

5

fair dealing against the Exchange, and Oklahoma law is clear that "an action based on the duty to deal fairly and act in good faith will not lie against a stranger to the contract." Hensley v. State Farm Fire & Cas. Co., 398 P.3d 11, 18 (Okla. 2017). Plaintiff argues that she has adequately alleged that CSAA was the alter ego of the Exchange and the Exchange should not be treated as a stranger to the insurance contract. Dkt. # 28, at 4. However, plaintiff makes no allegations that CSAA would be unable to pay a judgment or that the separate corporate structures of the Exchange and CSAA tend to perpetrate fraud or the avoidance of liability to CSAA's insured. Plaintiff cites Short v. USAA Cas. Ins. Co., 2012 WL 208091 (N.D. Okla. Jan. 24, 2012), for the proposition that a member of an insurance group can be held liable for bad faith under an alter ego theory. Dkt. # 28, at 5. However, Short was simply a ruling on a motion to amend to add class allegations and does not tend to show that an insurance exchange can always be named as a party to a bad faith claim merely due to the existence of a reciprocal insurance exchange. The Court also notes that the specific factual allegations of the amended petition do not suggest that the Exchange had any involvement in the handling of plaintiff's insurance claim. Dkt. # 2-2, at 4-5. The Court will follow its prior ruling concerning the non-liability of the Exchange for bad faith based on the handling of claim by an insurance company that is a member of the Exchange, and finds that the Exchange was fraudulently

joined as a party.[1]  Plaintiff's motion to remand is denied, and the Exchange will be dismissed a party.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Remand and Brief in Support (Dkt. # 17) is **denied**.

**IT IS FURTHER ORDERED** that defendant CSAA Insurance Exchange is **dismissed** as fraudulently joined, and the Court Clerk is directed to **terminate** CSAA Insurance Exchange as a party.

**DATED** this 26th day of February, 2020.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[1] The Court has reviewed the authority cited by plaintiff concerning the issue of diversity of citizenship and questions whether the Exchange would actually be a citizen of Oklahoma for the purpose of diversity of jurisdiction. Plaintiff relies primarily on McDonald, in which the Western District of Oklahoma remanded a case to state court because the defendants did not rule out all possibility that the Exchange could have had an Oklahoma member. McDonald, 2017 WL 887108 at *2. In this case, defendants have provided affidavits stating that the Exchange does not have any Oklahoma members and that plaintiff did not become a member of the Exchange simply by obtaining insurance from a member of the Exchange. Dkt. # 26-2, at 2; Dkt. # 26-8, at 2. Plaintiff's evidence to the contrary is speculative at best, and the Court would not remand a case based only a hypothetical possibility that the Exchange could have an Oklahoma member.